IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LYNNETTE RAMOS-BORGES, et al.,

Plaintiffs

v.                                              CIVIL 08-1692 (JA)

COMMONWEALTH OF PUERTO RICO, et al.,

Defendants

OPINION AND ORDER

This matter is before the court on motion for continuance filed by plaintiff, Lynnette Ramos-Borges, on May 17, 2010. (Docket No. 62.) Defendants, the Commonwealth of Puerto Rico, the Puerto Rico Health Department, Rosa Pérez-Perdomo, Samuel Barbosa and Hermes Rivera-Polanco, opposed plaintiff's motion on May 19, 2010. (Docket No. 63.) For the reasons set forth below, plaintiff's motion is GRANTED.

I. OVERVIEW

On March 24, 2010, the court entered an order in which the trial was scheduled to start on June 1, 2010. (Docket No. 35.) However, plaintiff now requests the court to assign a new trial date or that it be postponed until after July 15, 2010. (Docket No. 62.) The reason why plaintiff requests that the trial be continued on a later date is because of her son's illness. (Id.) According to

CIVIL 08-1692 (JA)                              2

plaintiff, her son has been suffering from a serious medical condition that has caused him to lose all of his hair and develop ulcers all over his body. (Id. at 1, ¶ 3.) As a result of his condition, plaintiff claims that her son is unable to participate in school activities because he cannot be exposed to sunlight. (Id.) Plaintiff claims that because doctors in Puerto Rico were not able to properly diagnose and treat her son's illness, his condition got worse over the last year. (Id. at 2-3, ¶ 4.) Thus, in order to avoid any further deterioration, she and her son traveled to the Mayo Clinic at Jacksonville, Florida, for an evaluation. Plaintiff claims that doctors there discovered that her son suffered from a rare condition called "Severe Ectopy with Atopic Dermatitis." (Id. ¶ 5.) The doctors also discovered that plaintiff's son had a deficiency in protein "Filagrin" and was experiencing liver problems associated with his condition. (Id.) After being diagnosed, plaintiff claims that her son's condition improved after he began receiving treatment.

However, plaintiff claims that she and her son had to travel to the United States because her son's condition worsened. (Id. ¶ 6.) Plaintiff states that even though she believes that she will return to Puerto Rico on May 24, 2010, it is uncertain that she will be able to be prepared and be present at trial on June 1, 2010. (Id. ¶ 7.) The defendants in turn contend that continuance should not be allowed because they have spent time and resources preparing for the trial, and

CIVIL 08-1692 (JA)                                3

because plaintiff had to know in advance that her son's condition would required her to travel on May 17, 2010, but that she waited for the same day to notify them. (Docket No. 63, at 1, ¶ 3.) Also, the defendants claim that if the trial is rescheduled as plaintiff proposes, Pérez-Perdomo will not be able to attend the trial because she is going to be in the United States until the last week of August, 2010. (Id. at 1-2, ¶ 4.)

## II. ANALYSIS

"Motions for continuance are addressed to the informed discretion of the district court." Real v. Hogan, 828 F.2d 58, 63 (1st Cir. 1987) (citing United States v. Waldman, 579 F.2d 649, 653 (1st Cir. 1978)). In determining whether or not a request for continuance should be granted, courts must look to see if there have been prior continuances or delays, the prejudice that may be caused to the non-moving party, and the good faith of the moving party. Amarin Plastics, Inc. v. Maryland Cup Corp., 946 F.2d 147, 151 (1st Cir. 1991) (citing United States v. Lussier, 929 F.2d 25, 28 (1st Cir. 1991); United States v. Waldman, 579 F.2d 649, 653 (1st Cir. 1978)).

In this case, each of these factors weighs in favor of plaintiff's request for continuance. First, up until this moment there have not been any prior continuances or delays. Second, the defendant has not shown that it will suffer any particular prejudice if the trial were to be rescheduled. Besides the trial being

CIVIL 08-1692 (JA)                                4

delayed, the only inconvenience that would come as a result of allowing the continuance would be that Pérez-Perdomo will not be able to attend trial on the date proposed by plaintiff.  However, the trial can be rescheduled for a later date in order to assure Pérez-Perdomo's attendance.  Third, although plaintiff's request for continuance was made with little less than a month before trial, there is no reason to believe that plaintiff has not acted in good faith.  As she has explained, plaintiff will not able to appear in court on June 1, 2010, because she is in the United States seeking treatment for her son's condition.  Contrary to what the defendants argue, the court is in no position to determine whether or not plaintiff knew in advance that her son's condition would required her to travel to the United States on May 17, 2010.  Furthermore, the fact that plaintiff requested the continuance on the same day that she left to the United States does not mean that it was done with the sole purpose of delaying the trial.  In other words, plaintiff's actions cannot be construed as acts of bad faith.  Since plaintiff's request for continuance is justified, a new trial date will later be assigned.  Since the trial will be rescheduled and my trial calendar allows for more flexibility than it previously did, the defendants' motion for summary judgment (Docket No. 39) will be considered.  Plaintiff is granted 45 days to respond to the defendants' motion.

CIVIL 08-1692 (JA)                                   5

### III.  CONCLUSION

For the reasons set forth above, plaintiff's motion for continuance is GRANTED.  The court's April 12, 2010, order granting plaintiff's motion to strike the defendants' motion for summary judgment (Docket No. 45) and the May 3, 2010, order denying the defendants' motion for reconsideration (Docket No. 56) are hereby VACATED.

At San Juan, Puerto Rico, this 20th day of May,  2010.

                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge